**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| E.C. OPTIONS, INC., | : | CIVIL ACTION |
| 1001 W. Ninth Avenue | : | |
| Suite C | : | |
| King of Prussia, PA 19406, | : | |
| | : | |
| and | : | |
| | : | |
| PHILIP J. SENECHAL | : | NO. _____ |
| 1001 W. Ninth Avenue | : | |
| Suite C | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| FALCON INVESTMENT ADVISORS, LLC | : | |
| 450 Park Avenue | : | |
| 10th Floor | : | |
| New York, NY 10022, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiffs E.C. Options, Inc. and Philip J. Senechal, through their undersigned counsel, for their complaint against defendant Falcon Investment Advisors, LLC, allege as follows:

**THE PARTIES**

1.      Plaintiff E.C. Options, Inc. ("ECO") is a Pennsylvania Corporation with a principal place of business located at 1001 W. Ninth Avenue, Suite C, King of Prussia, PA 19406. As a result, E.C. Options is a citizen of Pennsylvania.

2.      Plaintiff Philip J. Senechal is an individual who is a citizen of Pennsylvania.

3.     Defendant Falcon Investment Advisors, LLC ("Falcon") is a Limited Liability Company, with a principal place of business located at 450 Park Avenue, 10th Floor, New York, NY 10022.  Upon information and belief, all of Falcon's members are citizens of the State of New York.  As a result, Falcon is a citizen of New York.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $150,000.

5.     This Court has personal jurisdiction over Falcon because defendant does business in this District, and because (as set forth more fully below), Falcon entered into an agreement which required performance, and ultimately caused harm in, this District.

6.     Venue is properly laid in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District.  Additionally, Falcon is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

7.     Mr. Senechal is the Chief Executive Officer and sole shareholder of ECO.

8.     In or about the month of February, 2005, ECO decided to explore the possibility of investing in several corporations engaged in coal mining operations.  The investment involved the acquisition of shares of stock for approximately $85 million.

9.     In order to raise the capital necessary to invest in these coal mining operations, ECO approached Falcon, a private equity group.

10.     After engaging in discussions with ECO, Falcon expressed interest in participating in ECO's acquisition of the coal mining operations by providing some of the necessary financing.

11.     Accordingly, on or about March 21, 2005, Falcon wrote to ECO, and proposed to provide financing for the transaction.

12.     Pursuant to the March 21, 2005 letter (the "Letter Agreement"), Falcon proposed to purchase from ECO certain notes and equity, subject to (i) satisfactory completion of due diligence of ECO; (ii) approval of Falcon and its co-investors' investment committees; (iii) completion of  Falcon's financial, accounting and legal due diligence; and (iv) the execution of a detailed purchase agreement.  Furthermore, the March 21, 2005 letter included a proposed term sheet which generally described the terms of a final agreement.

13.     Falcon reserved the right not to proceed and close on the transaction described in the Letter Agreement, by giving written notice of termination prior to execution of a final agreement.

14.     ECO, Senechal and Falcon agreed that all reasonable costs and expenses incurred by ECO in connection with the acquisition of the coal mining operations would be borne as follows: Falcon would bear 80% of these costs and expenses, while Mr. Senechal would bear the remaining 20%.

15.     Falcon and Mr. Senechal agreed to consent, within reason, to ECO's selection of counsel and other consultants required for the performance of due diligence.

16.     Pursuant to the Letter Agreement, in the event that the parties were to ultimately close on the transaction described therein, then ECO, or its successor company, would fully reimburse Falcon and Mr. Senechal for these costs and expenses.

17.    If, on the other hand, the parties did not close on the transaction, Falcon and Mr. Senechal agreed that they would bear ultimate responsibility for these costs and expenses on the 80%-20% basis described above.

18.    In accordance with the Letter Agreement, ECO provided Falcon and Mr. Senechal with the names of all counsel and material third party consultants, as well as a copy of any engagement letters and/or applicable scope of work.

19.    Senechal and Falcon raised no objection to ECO's selection of counsel and consultants or to the terms and scope of their engagement.

20.    Additionally, as required by the Letter Agreement, ECO provided Falcon and Mr. Senechal with periodic invoices.

21.    These invoices were all submitted to Falcon and Mr. Senechal within a month of receipt.

22.    The invoices submitted pursuant to the Letter Agreement reflected that ECO incurred approximately $348,092.60 in costs and expenses associated with the proposed transaction.

23.    Neither Falcon nor Mr. Senechal ever objected to the invoices submitted by ECO.

24.    Falcon's reimbursement obligations pursuant to the Letter Agreement amounted to $278,474.08.

25.    On or about November 1, 2005, Falcon exercised its right under the Letter Agreement, and gave notice that it no longer wanted to be involved in the acquisition of the coal mining operations.

26.     Despite the clear obligation to do so Falcon has refused to reimburse ECO for any of the expenses incurred.

### COUNT I – BREACH OF CONTRACT

27.     ECO and Mr. Senechal incorporate by reference the allegations contained in paragraphs 1-26 above as if fully set forth herein.

28.     Falcon, through the Letter Agreement, entered into a binding contract to pay ECO for 80% of all reasonable costs and expenses incurred in connection with ECO's efforts to acquire coal mining operations.

29.     By virtue of the Letter Agreement, Mr. Senechal was only obligated to bear the burden of paying ECO for 20% of the costs and expenses incurred in connection with the acquisition of coal mining operations.

30.     All conditions precedent to ECO's right to demand that Falcon pay the costs and expenses associated with the acquisition of the coal mining operations have either been met or waived.

31.     Falcon breached its contract by refusing to pay ECO.

32.     Falcon's breach has not been excused or waived.

33.     Falcon's breach has caused damage to ECO and Mr. Senechal, including but not limited to loss of profits, consequential and incidental damages.

34.     ECO and Mr. Senechal have been damaged by Falcon's breach in an amount in excess of $150,000.

**WHEREFORE,** Plaintiffs E.C. Options, Inc. and Philip J. Senechal request judgment in their favor and against defendant Falcon Investment Advisors, LLC, and further request that this Court grant the following relief:

a.      Compensatory damages in an amount in excess of
        $150,000;

b.      An award of reasonable attorneys, fees, costs and
        disbursements incurred in connection with this action; and

c.      Such other and further relief as this Court deems just and
        proper.

Respectfully submitted,

Dated:  February 6, 2006                    _____s/ Aaron Krauss_____
                                            Aaron Krauss (ID # 62419)
                                            Ilan Rosenberg (ID # 89668)
                                            Cozen O'Connor
                                            1900 Market Street
                                            Philadelphia, PA 19103
                                            Tel (215) 665-2000
                                            Fax (215) 701-2381

                                            Counsel for Plaintiffs E.C. Options, Inc. and
                                            Philip J. Senechal